IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFREY A. ROSENBERG,

    Petitioner,                         No. CIV S-07-2530 LKK DAD P

    vs.

SCHWARZENEGGER, et al.,

    Respondents.                      ORDER

_____/

        On November 26, 2007, petitioner filed a confusing document styled, "emergency filing and 1st Amd COMPLAINT w/Writ of Habeas Corpus." Petitioner appears to be an inmate at the Monterey County Jail and in his filing he lists several state and federal statutes which he apparently claims were violated in his case. It is difficult to determine both what relief petitioner seeks and the true nature of his claims. This is because his filing reflects random and disjointed assertions about being illegally detained by the Monterey County Sheriff, a "false search" by the Salinas Police, a lack of a hearing, retaliation, as well as other assertions which are incomprehensible.

        When a prisoner challenges the fact or duration of his custody and a determination of his action may result in plaintiff's entitlement to an earlier release, his sole federal remedy is a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990). The proper mechanism for raising a federal challenge to

1

conditions of confinement is through a civil rights action pursuant to 42 U.S.C. § 1983. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991). In order to commence an action in this court, petitioner must file either a petition for writ of habeas corpus as required by Rule 3 of the Rules Governing Section 2254 cases, or a civil rights complaint. In addition, petitioner must either pay the required filing fee or file an application requesting leave to proceed in forma pauperis. See 28 U.S.C. §§ 1914(a), 1915(a). The court will not issue any orders granting or denying relief until an action has been properly commenced. Petitioner will be provided the opportunity to file his habeas petition or civil rights complaint, and to submit an application requesting leave to proceed in forma pauperis or to submit the appropriate filing fee.[1]

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner is granted thirty days from the date of service of this order to file a petition that complies with the requirements of the Rules Governing Section 2254 Cases, or a civil rights complaint; the petition or complaint must comply with the Federal Rules of Civil Procedure and the Local Rules of Practice; the petition or complaint must bear the docket number assigned this case.

2. Petitioner shall also submit, within thirty days from the service of this order, an application to proceed in forma pauperis on the form provided by the Clerk of Court, or submit the appropriate filing fee.

3. Petitioner's failure to comply with this order will result in a recommendation that this matter be dismissed.

/////

/////

---

[1] If petitioner is proceeding with a habeas action, the filing fee is $5.00; the filing fee for a civil rights action is $350.00. If petitioner submits an application requesting leave to proceed in forma pauperis and he is proceeding with a civil rights action, petitioner must have the authorized jail official complete the certificate portion of the application and provide a certified copy of the inmate trust account statement for the last six months. See 28 U.S.C. § 1915(a)(2).

1    4. The Clerk of the Court is directed to send petitioner the court's form for filing
2 a petition for writ of habeas corpus, the form complaint for a § 1983 civil rights action, and an
3 application to proceed in forma pauperis by a prisoner.
4 DATED: December 6, 2007.

*[signature]*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:bb/4
rose2530.nop